**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **MYRA RICHOUX ET AL** | **CASE NO.  6:25-CV-00493** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **BNSF RAILWAY CO ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

## MEMORANDUM RULING

Before the Court is a RULE 35 MOTION FOR MEDICAL EXAMINATIONS [Doc. 30] filed by Defendants, BNSF Railway Company and State Farm Automobile Insurance Company.  Plaintiff Myra Richoux filed an opposition [Doc. 32] to which Defendants replied [Doc. 33].  For the reasons below, the motion is GRANTED.

### Factual and Procedural Background

Rodd and Myra Richoux filed suit in state court on October 1, 2024, alleging that they sustained injuries in a motor vehicle collision in Lafayette, Louisiana on October 20, 2023.  [Doc. 1-2].  Specifically, Plaintiffs alleged that a truck owned by BNSF and driven by a BNSF employee struck the vehicle that Myra Richoux was driving [*Id*. at ¶5], causing injuries to her head, jaw, neck, back, both arms, both hands, right shoulder, both hips, both legs, left knee, and both feet.  [*Id*. at ¶18].

Defendants removed the matter to this Court based on diversity of citizenship and supplemental jurisdiction.  [Doc. 1].  The Notice of Removal referred to Mrs. Richoux's medical treatment to demonstrate that the amount in controversy exceeded $75,000.  [*Id*. at ¶¶3-4].

1

The instant motion seeks to compel Mrs. Richoux pursuant to Federal Rule of Civil Procedure 35 to submit to two independent medical examinations (IME's): one by Dr. Neil Romero for the examination of Mrs. Richoux's alleged spine injuries and another by Dr. Larry Bankston for the examination of Mrs. Richoux's alleged other orthopedic injuries.  [Doc. 30].  Though she has not yet undergone any IME's, Mrs. Richoux refused to submit to the IME's. The instant motion followed.

Mrs. Richoux opposes the motion, arguing, *inter alia*, that she is "unwilling to be forced to repeat multiple examinations over the course of different days and locations," as she "shows a considerable hardship and burden in being shuffled back and forth to the Middle District for multiple invasions of her bodily sanctity," and her post-traumatic stress and "waterfall of orthopedic injuries and associated pain make vehicular travel very difficult for Mrs. Richoux."  [Doc. 32 at pp. 2, 6].  The crux of Mrs. Richoux's argument is that she does not want to undergo an IME.

### Applicable Standards

Independent medical examinations are authorized under Rule 35.  A medical examination may be ordered under Rule 35 when the moving party shows "good cause" for the examination and the condition to be examined be "in controversy." *Moore v. Calavar Corp.*, 142 F.R.D. 134, 135 (W.D. La. 1992); *Grossie v. Florida Marine Transporters, Inc.*, 2006 WL 2547047 at *2 (W.D. La.); *Schlagenhauf v. Holder*, 379 U.S. 104 (1964).  Generally, courts liberally construe the rule in favor of granting discovery.  *Gilley v. Lowe's Home Centers, LLC*, 2015 WL 1304592 at *1 (W.D. La.) (citing *McClanahan v. Transocean Offshore Int'l Ventures, Ltd.*, 2006 WL

2

2989243 at *2 (W.D. La.). Rule 35 does not establish a limitation on the number of examinations to which a party may be subjected; each request for an independent medical examination must turn on its own facts and depends on the circumstances underlying the request. *Moore*, 142 F.R.D. at 135. Because the standards established by Rule 35 are flexible, the resolution of the pending motion rests within the sound discretion of the trial court. *Id*. (citing *Teche Lines v. Boyette*, 111 F.2d 579, 581 (5th Cir. 1940); *see also Glaze v. Bud's Boat Rental, Inc.*, 1993 WL 441890 at *1 (E.D. La.).

### Analysis

A "plaintiff in a negligence action who asserts mental or physical injury places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Schlagenhauf v. Holder*, 379 U.S. 104, 106, 85 S. Ct. 234, 13 L. Ed. 2d 152 (1964). By alleging injuries to the head, jaw, neck, back, both arms, both hands, right shoulder, both hips, both legs, left knee, and both feet, Mrs. Richoux places these injuries squarely in controversy.

One of the primary purposes of Rule 35 "is to put both the plaintiff and defendant on equal footing with regard to evaluating the plaintiff's [medical] status." *Tarte v. United States*, 249 F.R.D. 856, 859 (S.D. Fla. 2008) (quoting *Favale v. Roman Catholic Diocese of Bridgeport*, 235 F.R.D. 553, 557 (D. Conn. 2006)). Mrs. Richoux represents in her opposition that she has already undergone evaluation, treatment, and procedures by her experts of choice. [Doc. 32 at p. 6]. Defendants'

3

interest in obtaining competing expert evidence is sufficient to establish good cause.[1]

For the foregoing reasons, the RULE 35 MOTION FOR MEDICAL EXAMINATIONS [Doc. 30] is hereby **GRANTED**.

**SIGNED** this 26th day of May, 2026, at Lafayette, Louisiana.

**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The Court notes that the parties' JOINT MOTION TO CONTINUE TRIAL DATE [Doc. 36] mentioned that "another motion might be necessary to request a third examination to address alleged brain injuries." This ruling pertains to the IME's at issue in the instant motion; however, the parties are reminded that the same analysis herein would apply to any request for an additional IME.